IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PFIZER, INC., | ) | |
| | ) | |
| Defendant. | ) | Civil Action No. 5:23-CV-312-C |

# SCHEDULING ORDER

1. Pursuant to Rule 16(b), Fed. R. Civ. P., the Court establishes the following schedule for this case:

    (a) Motions to join other parties and amend the pleadings must be filed by 3:00 p.m. on May 15, 2024.

    (b) Motions for summary judgment must be filed by 3:00 p.m. on January 15, 2025.

    (c) The parties must take this case to mediation which must be completed by 3:00 p.m. on January 15, 2025. The mediator must file a report to the Court within seven (7) days from the completion of mediation.

    (d) Motions in limine must be filed and discovery must be completed by 3:00 p.m. on June 16, 2025.

    Deadlines will "not be extended except upon good cause shown and by order of the Court." See *Saavedra v. Murphy Oil U.S.A., Inc. v. Lou-Con, Inc.*, 930 F.2d 1104, 1107 (5th Cir. 1991).

2. Unless further ordered by the Court, the parties are not required to make initial disclosures under Rule 26(a)(1), Fed. R. Civ. P., and no conferences are required under Rule 26(f), Fed. R. Civ. P.

3. Counsel are expected to cooperate with each other in conducting discovery, clarifying the issues, and getting the case ready for trial. Specifically, counsel must strictly comply with the mandates set forth in *Dondi Properties Corporation v. Commerce Savings & Loan Association*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc) (per curiam).

4. Filing documents electronically is not mandatory. However, in all cases where electronic case filing is done, counsel may serve and respond to written discovery requests through electronic mail service. This discovery practice will be governed by the Northern District of Texas Local Rules, this Court's Local Rules/Judge Specific Requirements, and the Clerk's ECF Administrative Procedures Manual regarding electronic case filing procedures.

5. Counsel are referred to the Local Rules of the Northern District of Texas, the Civil Justice Cost and Delay Reduction Plan of the Northern District of Texas, and the Local Rules/Judge Specific Requirements of this Court.

6. The above case is set for trial at 9:00 a.m. on July 7, 2025, in Courtroom C-216, George M. Mahon Federal Building, 1205 Texas Avenue, Lubbock, Texas.[1] Counsel shall comply with the following:

    (a) All counsel shall jointly prepare a proposed pretrial order for the Court to enter, which shall contain the following:

        (1) a summary of the claims and defenses of each party;
        (2) a statement of stipulated facts;
        (3) an estimate of the length of trial;
        (4) a list of additional matters which would aid in the disposition of the case;
        (5) the signature of each counsel; and
        (6) a place for the date and signature of the Court.

        Counsel are ordered to confer prior to the date of submission of the proposed pretrial order, and a certificate shall be attached to the proposed order, signed by counsel, stating that such a conference has been held, the stipulations are agreed upon, and that the proposed pretrial order is submitted to the Court for entry. Failure to agree upon the wording or terms of the proposed order will not be an excuse for not filing same, but counsel may place in such order their respective versions of the matters to be included.

    (b) At least twenty-one (21) days before the scheduled date for trial, counsel shall file with the Clerk and serve on opposing parties proposed instructions and questions in jury cases and proposed findings of fact and conclusions of law in non-jury cases, any trial briefs that counsel may desire to present to the Court, and the proposed pretrial order.

---

[1] If the parties agree that an earlier trial setting is appropriate, the Court will consider a motion to reschedule trial.

2

(c)   At least twenty-one (21) days before the scheduled date for trial, counsel shall file with the Clerk and serve on opposing parties the information described under Rule 26(a)(3)(A), Fed. R. Civ. P.  At the same time, exhibits shall be exchanged between the parties.  Because the court finds it more practical to make evidentiary rulings at time of trial, counsel are not required to file objections to exhibits pursuant to Rule 26(a)(3)(B), Fed. R. Civ. P.

(d)   If a pretrial conference is deemed necessary, counsel shall notify the Court at the time of filing the proposed pretrial order, or sooner, and the Court will, at the Court's discretion, schedule such a conference.

(e)   In jury cases, counsel are not required to submit proposed voir dire questions.  Counsel will be permitted to conduct voir dire of the jury panel, subject to further order of the Court.

(f)   The above trial setting will continue for the following weeks during the same month.  This case has been scheduled for trial with other cases.  **You are responsible for staying in contact with the Judge's chambers to determine where your case stands on the Court's docket.**  There will be no docket call.

(g)   Should counsel fail to appear at a scheduled pretrial conference or to timely submit a complete and correct pretrial order as required or fail to comply with the other directions set out herein, an ex parte hearing may be held and judgment of dismissal, default, or other appropriate order will be entered.

7.   Any party not represented by counsel is expected to comply with the above.

SO ORDERED.

Dated: January _17_, 2024.

_____
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

3